NO. 07-08-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 11, 2008
______________________________

WILLIAM DUNCAN ELLISON, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE COUNTY COURT AT LAW OF HOOD COUNTY;

NO. 39551; HON. VINCENT J. MESSINA, PRESIDING
_______________________________

Memorandum Opinion
_______________________________
 
Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.


 
          William Duncan Ellison appeals his conviction, based upon a plea of no contest, for
the offense of driving while intoxicated. He complains of the trial court’s failure to sustain
his motion to suppress because the officer lacked probable cause or reasonable suspicion
to stop his vehicle. We affirm the judgment. 
          Law
          We review a ruling upon a motion to suppress by affording great deference to the
trial court’s interpretation of historical facts. Ford v. State, 158 S.W.3d 488, 493 (Tex.
Crim. App. 2005). This deference entails both the trial court’s authority to assess the
credibility of the witnesses and the authority to disbelieve or believe controverted
testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). However, similar
deference is not afforded the trial court’s application or interpretation of the law. Ford v.
State, 158 S.W.3d at 493. We review that de novo. Id. 
          Application of Law
          Appellant challenges the trial court’s findings that the “weaving” of his vehicle was
a valid basis for a traffic stop and that he exceeded the speed limit. We reject the
challenge given the totality of the circumstances appearing in the record before us. 
          Contained in that record is the testimony of Lt. Steve Smith with the Hood County
Sheriff’s Office. He stated that 1) he had been a certified peace officer thirteen years, 2)
he has made many traffic stops, 3) he had training in DWI detection, 4) he had stopped
intoxicated drivers on many occasions, 5) he observed a white Ford pickup driven by
appellant cross the line dividing the two west bound lanes of Highway 377 as well as the
shoulder or fog line, 6) this weaving over the lines occurred several times during the period
in which he observed appellant, 7) based on his experience, crossing the center and fog
lines indicated that the driver was possibly intoxicated, 8) no obstacles were in the road to
explain the weaving, 9) appellant appeared to be speeding at times, as determined by the
officer pacing the truck, and 10) appellant was endangering at least himself. Furthermore,
this occurred at around 3:48 a.m., and though traffic was not heavy, there were other
vehicles on the road. 
          Circumstances similar to those we listed above have been held by the Court of
Criminal Appeals to justify not only a “‘rational inference’” that the vehicle’s driver was
intoxicated but also a stop. See Curtis v. State, 238 S.W.3d 376, 380-81 (Tex. Crim. App.
2007) (holding that there was reasonable suspicion to stop a vehicle for suspicion of driving
while intoxicated when the vehicle was observed weaving in and out of lanes over a short
distance at 1:00 a.m., the officer had received specialized training in signs of driving while
intoxicated, and part of his training was that weaving was a possible indication of
intoxication). Moreover, the opinions cited by appellant to the contrary were not issued by
the Court of Criminal Appeals. Thus, we must follow the decision of our State’s highest
criminal court and affirm the trial court’s judgment. 
 
                                                                           Per Curiam

Do not publish.